Ms. Carol Billings, City Attorney 200 E. 8th Avenue, Suite 203 Pine Bluff, AR 71601
Dear Ms. Billings:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You state that the City of Pine Bluff has received a request for "all documents, investigations, complaints, or other materials" related to the investigation of a particular incident. You have provided copies of the records that are responsive to this request.
You further state that two employees were suspended as a result of the investigation into the incident, and there has been a final administrative resolution of these suspensions. As custodian of the records, you have determined that they should be released. You have also determined that the name of an officer who is referenced in these records, but who was not suspended or terminated, should be redacted before the records are released.
I am directed by law to issue my opinion as to whether your determination regarding the release of the records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion that your determination regarding the release of the records is consistent with the FOIA. However, it is my opinion that it is not necessary to redact the name of the officer who was not suspended or terminated.
All of the records (with the exception of one) appear to constitute the employee evaluation/job performance records of the two suspended employees, within the meaning of the FOIA. See A.C.A. § 25-19-105(c). These records (with the one exception) all appear to have been created in the course of an investigation into the conduct of these two employees. Investigation records of this nature clearly constitute employee evaluation/job performance records. See, e.g., Ops. Att'y Gen. Nos.2001-028; 2000-231; 2000-203; 2000-130; 1999-361; 1999-359. (The one record that is not an employee evaluation/job performance record is a copy of a police department policy, and is a simple public record, not subject to any exemptions from disclosure.)
Under the FOIA, "employee evaluation/job performance records" are exempt from disclosure to the public unless the following three conditions have been met:
 • There has been a final administrative resolution of any suspension or termination proceeding;
 • The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 • There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
In my opinion, all of the above conditions have been met with regard to these records, and they should therefore be released.
It is my opinion, as noted previously, that the name of the employee who was not suspended or terminated should not be redacted. These records do not constitute his employee evaluation/job performance records, because they were not created as a part of any investigation into his conduct. Rather, these records constitute his personnel records. Personnel records must be released unless their release would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. §25-19-105(b)(12). In my opinion, the release of these records without redacting the references to the employee who was not suspended or terminated would not constitute a clearly unwarranted invasion of that employee's personal privacy.
One final note: While it is always appropriate to consider whether any individuals, including non-employees, whose names are mentioned in a record would have a protectable constitutional privacy interest in that record, see McCambridge v. City of Little Rock, 298 Ark. 219,766 S.W.2d 909 (1989), it is my opinion that none of the individuals, including the non-employees, who are mentioned in these records have such an interest.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General